**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States, | ) | CR 95-345 RSWL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER RE: DEFENDANT JOE** |
| vs. | ) | **HERNANDEZ'S MOTION FOR** |
| | ) | **REDUCTION OF SENTENCE** |
| | ) | **AND FOR THE APPOINTMENT** |
| Joe Hernandez, | ) | **OF COUNSEL [10392]** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently before this Court is Defendant Joe Hernandez's ("Defendant") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and for the Appointment of Counsel.  Having considered all papers submitted the Court **HEREBY RULES AS FOLLOWS:**

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) is **DENIED**.  On May 30, 1997, Defendant was convicted of seven different counts, which included conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846.  At the time Defendant was sentenced in 1997, United States

Sentencing Guidelines § 2D1.1 required a conviction involving 1.5 kilograms of cocaine base to qualify as a level 38 offender, the maximum offense level for drug distribution. On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which raised the cocaine base quantity thresholds for mandatory minimum and statutory maximum penalties for cocaine base offenses under 21 U.S.C. § 841(b) and § 846. The FSA directed the Sentencing Commission to promulgate amendments to the Sentencing Guidelines. Accordingly, Amendment 750, effective November 1, 2011, lowered the offense levels for cocaine base offenses listed in § 2D1.1. Currently, 8.4 kilograms of cocaine base is required to constitute a base offense level of 38.

Pursuant to Defendant's sentencing, this Court made factual findings that Defendant was conservatively estimated to have been involved in trafficking a quantity of cocaine base substantially exceeding 8.4 kilograms. As such, if Defendant were sentenced today his base offense level under the amended Sentencing Guidelines would remain at 38. Therefore, Amendment 750 has no effect on Defendant's guideline range, and reduction of sentence pursuant to 18 U.S.C. § 3582(c) is not appropriate. Additionally, the nature of Defendant's convictions and the factors set forth in 18 U.S.C. § 3553(a) weigh against reduction of sentence as well.

In addition, Defendant's request for the

appointment of counsel is **DENIED**.  The Court finds that Defendant has no constitutional right to an attorney after his first appeal and he has not shown that representation is necessary here.  <u>United States v. Angelone</u>, 894 F.2d 1129, 1130 (9th Cir. 1990) ("Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions."); <u>see also</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987).  The Court also finds that because the FSA would not alter Defendant's sentence, appointment of an attorney to bring a motion for reduction of Defendant's sentence is not necessary.  Accordingly, Defendant's Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: March 9, 2012

*RONALD S.W. LEW*

---

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge